# Exhibit A

11/14/2024 9:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 94281487
By: Gerardo Perez
Filed: 11/14/2024 9:53 AM

**CAUSE NO. ____________**

| | | |
|---|---|---|
| **MERCEDES DELONEY,**<br>**Plaintiff.** | §<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **vs.** | §<br>§ | **HARRIS COUNTY, TEXAS** |
| **AMAZON.COM SERVICES, LLC,**<br>**Defendant.** | §<br>§<br>§ | **______ JUDICIAL DISTRICT** |

---

**PLAINTIFF MERCEDES DELONEY'S**
**ORIGINAL PETITION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW MERCEDES DELONEY** ("PLAINTIFF"), and files this Original Petition, complaining of AMAZON.COM SERVICES, LLC (herein after referred to as "DEFENDANT" OR "AMAZON"), and for cause of action against said DEFENDANT, would respectfully show as follows:

## 1.00 LEVEL OF DISCOVERY CONTROL PLAN (LEVEL 3)

1.01 Discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure and Plaintiff affirmatively <u>pleads that suit is NOT governed by the expedited actions process under Texas Rule of Civil Procedure 169</u> because the Plaintiff seeks monetary relief monetary relief more than $250,000.

1.02 In accordance with Rule 190.4, Plaintiff requests that the Court issue Docket Control Order in this case.

## 2.00 PARTIES

2.01 PLAINTIFF MERCEDES DELONEY is a resident of Humble, Harris County, Texas.

2.02 DEFENDANT AMAZON.COM SERVICES, LLC is a foreign company doing business as in Houston, Texas. DEFENDANT may be served a by serving: Corporation Service Company **211 E. 7th Street Suite 620 Austin, Texas 78701-3218** or wherever they may be found. **Service is requested upon said Defendant by *certified mail return receipt requested* or by other mailing service requested.**

**3.00 JURISDICTION AND VENUE**

3.01 The amount in controversy is within the jurisdictional limits of this Court.

3.02 HARRIS COUNTY is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, Section 15.001, *et seq.*, because HARRIS COUNTY is where the incident made the basis of this lawsuit occurred.

3.03 Pursuant to Tex.R.Civ.P. 47(c), and subject to Plaintiff's right to amend, Plaintiff seeks monetary relief monetary relief less than $250,000 (Two Hundred Fifty Thousand Dollars).

**4.00 FACTS (INCIDENT OF NOVEMBER 17, 2022)**

4.01 On or about November 17, 2022 (the "date in question"), while working in the course and scope of her employment with DEFENDANT AMAZON.COM SERVICES, LLC, a Texas Workers Compensation Non-Subscriber, at the common address of **AMAZON WAREHOUSE HOU2 10550 ELLA BLVD HOUSTON, TEXAS 77038**, PLAINTIFF was assigned to perform job duties that included scanning boxes and filling a cart. While working with the cart, a portion of the cart came of the cart and struck PLAINTIFF suddenly and without warning on her left knee. As a result, PLAINTIFF suffered serious injuries to her **Left knee and body**.

**5.00 FACTS (INCIDENT OF APPROXIMENTAL MARCH 16, 2024)**

5.01 On or about March 16, 2024 (the "date in question"), while working in the course and scope of her employment with DEFENDANT AMAZON.COM SERVICES, LLC, a Texas Workers Compensation Non-Subscriber, at the common address of **AMAZON WAREHOUSE HOU2 10550 ELLA BLVD HOUSTON, TEXAS 77038**, PLAINTIFF was assigned to perform job duties that were not part of her job description. While working repeatedly squatting and lifting heavy boxes, I felt a sudden pain in both of my legs. As a result, PLAINTIFF suffered serious injuries to her **both legs and body**.

**6.00 FACTS (INCIDENT OF APPROXIMENTAL MARCH 22, 2024)**

6.01 On or about March 22, 2024 (the "date in question"), while working in the course and scope of her employment with DEFENDANT AMAZON.COM SERVICES, LLC, a Texas Workers Compensation Non-Subscriber, at the common address of **AMAZON WAREHOUSE HOU2 10550 ELLA BLVD HOUSTON, TEXAS 77038**, PLAINTIFF was assigned to perform job duties that were not part of her job description. While working repeatedly pushing a tote down a shoot and feeling a repeated impact on my right arm, I felt a sudden pain. As a result, PLAINTIFF suffered serious injuries to her **right arm and body**.

Plaintiff will refer to these three occurrences as the "incidents"

**7.00 CAUSE OF ACTION – AMAZON.COM SERVICES, LLC (As to all incidents)**

7.01 DEFENDANT directly and vicariously through the acts or omissions committed in furtherance of its business interests by its agents, servants and employees, under the doctrine of *Respondeat Superior,* was negligent in one or more of the following particulars, each of which, individually or collectively, constitutes negligence and/or negligence *per se*, and, proximately caused the injuries resulting in damages to the PLAINTIFF.

7.02 DEFENDANT was negligent in each of the following specifics:

A. Failed to provide PLAINTIFF with a safe workplace;

B. Failed to comply with the requirements of the Occupational Safety and Health Act and its relevant regulations, particularly provisions pertaining to providing training, performing inspections, and providing a safe workplace, each of which constitutes negligence *per se;*

C. Failed to provide necessary training, including safety training, to PLAINTIFF, PLAINTIFF'S co-workers and his direct supervisors;

D. Failed to provide PLAINTIFF, PLAINTIFF'S co-workers and her direct supervisors, with adequate and proper equipment and instrumentalities issued, owned and maintained by DEFENDANT to perform the task assigned;

E. Failed to provide a safe alternative method for PLAINTIFF to perform her job assignment;

F. Failed to consider the known risks to injury when assigning CLAIMAINT her job tasks;

G. Failed to hire qualified supervisors and employees that could appreciate the risks of injury to PLAINTIFF;

H. Failed to provide the sufficient number of employees necessary to perform the job tasks assigned;

I. Failed to provide additional training necessary to safely confront the risks associated with performing the job task assigned to PLAINTIFF under the conditions in which it was assigned.

Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of PLAINTIFF's damages, which are set forth in further detail below.

## 8.00 LOSS OF COMMON LAW DEFENSES BY DEFENDANT (NON-SUBSCRIBER)

8.01 PLAINTIFF states that at the time of the above-described incident, PLAINTIFF was an employee of DEFENDANT and was acting in the course and scope of PLAINTIFF's employment for DEFENDANT.

8.02 DEFENDANT did not have worker's compensation insurance coverage at the time of the incident.

8.03 As a result, DEFENDANT is subject to Texas Labor Code § 406.033, which states, in pertinent part:

> **§ 406.033. Common-Law Defenses; Burden of Proof**
>
> (a) In an action against an employer who does not have workers' compensation insurance coverage to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment, it is not a defense that:
>
> (1) the employee was guilty of contributory negligence;
>
> (2) the employee assumed the risk of injury or death; or
>
> (3) the injury or death was caused by the negligence of a fellow employee.

8.04 DEFENDANT is therefore prohibited from asserting any of the common law defenses enumerated above against PLAINTIFF.

8.05 PLAINTIFF's actions were not the sole proximate cause of the resulting injuries.

**9.00 DAMAGES**

9.01 As a direct and proximate result of each of DEFENDANT'S negligence, as set forth above, PLAINTIFF suffered severe injuries to her **<u>left knee, both legs, right arm and body</u>** Because of the nature and severity of the injuries PLAINTIFF sustained, she has suffered the following elements of actual damages in the past, and she will, in reasonable probability, suffer them it the future:

A. Reasonable and necessary medical expenses;

B. Loss of earnings and earning capacity;

C. Physical pain and suffering;

D. Mental anguish;

E. Physical impairment and

F. Disfigurement.

9.02 PLAINTIFF sues the DEFENDANT for the full amount of her actual damages, as determined by a jury.

**10.00 <u>JURY DEMAND</u>**

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby demand a trial by jury and the appropriate fee will be tendered.

**11.00 PRAYER**

11.01 **WHEREFORE, PREMISES CONSIDERED,** PLAINTIFF respectfully prays that the DEFENDANT be cited to appear and answer herein and that upon full and final trial of this cause, PLAINTIFF have judgment of and from the DEFENDANT as follows:

A. All actual damages, both past and future, as pled herein;

B. All of PLAINTIFF's costs of arbitration;

C. Pre-judgment and post-judgment interest at the highest legal rate and for the longest period of time allowed by law on all elements of damage claimed herein;

D. Such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**SANDOVAL LAW FIRM, PLLC**

Hector L. Sandoval
Texas Bar Number: 24043904
hector@sandovalpllc.com

9301 Southwest Freeway, Ste. 325
Houston, TX 77074
(346)347-7777 (phone)
(346)347-8888 (facsimile)
**ATTORNEY FOR PLAINTIFF**
**MERCEDES DELONEY**